IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

POWERTRAIN, INC., a Mississippi corporation PLAINTIFF

v. CIVIL ACTION NO. 1:11-CV-00105-GHD-DAS

JOYCE MA, individually; and
BEST MACHINERY & ELECTRICAL, INC. DEFENDANTS

MEMORANDUM OPINION DENYING MOTIONS TO DISMISS

Presently before the Court are Defendant Joyce Ma's motions to dismiss [9] brought pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure. After due consideration, the Court finds that the three motions should be denied.

*A. Factual and Procedural Background*

On May 3, 2011, Plaintiff PowerTrain, Inc. ("Plaintiff" or "PowerTrain") initiated a contract dispute action against Defendants Joyce Ma, individually, and Best Machinery & Electrical, Inc. PowerTrain is a Mississippi corporation with its principal place of business in Golden, Mississippi. PowerTrain designs and imports small engines manufactured in China and sells engines through various retailers. Defendant Best Machinery & Electrical, Inc. ("Defendant Best Machinery" or "Best Machinery") is a California corporation which is now dissolved. Defendant Best Machinery was engaged in commercial activity consisting of importing small engines from China to the United States for resale. Defendant Joyce Ma ("Defendant Ma" or "Ma") is a resident of South El Monte, California, who allegedly "has conducted business individually and under the corporate name 'Best Machinery & Electrical, Inc.' " Pl.'s Compl. [1] at 1–2.

The facts giving rise to this dispute are as follows. Plaintiff allegedly initiated purchase orders from 2002 until 2006 through Defendants Ma and Best Machinery for at least 78,284

small non-road engines that would be manufactured in China. Defendants obtained these engines and shipped them to Plaintiff, which allegedly sold or distributed the subject engines to Wood Sales, Inc., a Mississippi corporation. Wood Sales, Inc. or Tool Mart, Inc., another Mississippi corporation, further resold the subject engines. Oneal Wood is the president of PowerTrain, Inc.; Wood Sales, Inc.; and Tool Mart, Inc.

Plaintiff alleges that to obtain the subject engines, Defendants Best Machinery and Ma first went through a Chinese manufacturer named Zing Everfind Electric Appliance Group Company, LTD ("Zing Everfind"). All engines manufactured by Zing Everfind met the PowerTrain Certificate of Conformity. Plaintiff alleges that Best Machinery then ceased their manufacturing relationship with Zing Everfind and began importing the subject engines from another Chinese manufacturer, Chong City Tong Yong Engine Mating Company ("Tong Yong"). Plaintiff alleges that the Tong Yong-manufactured engines did not meet the PowerTrain Certificate of Conformity. Plaintiff asserts that Defendants Best Machinery and Ma "imported, sold[,] or otherwise introduced into commerce most or all of these 78,284 uncertified subject engines, which resulted in the emission of at least 166 excess tons of HC + NOx and 5,236 excess tons of CO, in violation of emission standards in 40 C.F.R. § 90.103." *Id.* at 8. Plaintiff further alleges that as a result of this conduct by Defendants, Plaintiff offered for sale, introduced, or delivered for introduction into commerce the subject engines, which were in violation of the Clean Air Act. The United States filed civil actions against Plaintiff for injunctive relief and the assessment of civil penalties for these violations. A consent decree/judgment was entered against Plaintiff for civil penalties in the amount of $2 million plus interest, and Plaintiff was ordered to export or permanently destroy the certain engines that were in violation of federal law and implement an emission off-set project. Plaintiff seeks relief for

the civil penalties lodged against Plaintiff, as well as the cost of export and/or destruction of the subject engines as required by the EPA and the cost of implementation of the emission off-set project.

Defendant Ma has filed motions to dismiss the causes of action against her for lack of personal jurisdiction, improper venue, and failure to state a claim [9]. Plaintiff has filed a response in opposition to the motions to dismiss [13], and Defendant Ma has filed a reply to the response [15]. On January 23, 2012, the Clerk of the Court entered default against Defendant Best Machinery [20] for failure to plead or otherwise defend the claims asserted against it. The Court now turns to Defendant Ma's motions to dismiss.

### *1. Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction*

First, Defendant Ma has moved to dismiss the causes of action against her for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.[1] A plaintiff has the burden to show that the court enjoys personal jurisdiction over a nonresident defendant who has challenged that jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994), *cert. denied*, 513 U.S. 930, 115 S. Ct. 322, 130 L. Ed. 2d 282 (1994). On a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a prima facie showing of jurisdiction. *Luv N' Care, Ltd. v. Insta–Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (internal citation omitted). When a court rules on the motion before holding a hearing, it must accept as true all uncontroverted allegations in the complaint and must resolve any factual disputes in favor of the plaintiff. *Id.* (internal citation omitted). In making its determination, the Court may review any part of the record, including pleadings, affidavits, interrogatories, depositions, oral

[1] Plaintiff argues that Defendant Ma has waived her right to challenge personal jurisdiction in this action under Rule 12(h) of the Federal Rules of Civil Procedure by failing to raise an objection to this Court's jurisdiction over her in a previous action concerning the same subject 78,284 engines. The Court does not reach this issue, as it can resolve the personal jurisdiction challenge on other grounds.

testimony, exhibits, and any combination thereof. *Command–Aire Corp. v. Ontario Mech. Sales & Serv. Inc.*, 963 F.2d 90, 95 (5th Cir. 1992). In a personal jurisdiction determination, the Court first turns to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which provides that a court has personal jurisdiction over any defendant who would be subject to personal jurisdiction under the long-arm statute of the state in which the court sits. Thus, in this diversity action, the Court must conduct a two-prong analysis: first, examine whether Defendant Ma is amenable to suit under the Mississippi long-arm statute, Mississippi Code § 13-3-57; and second, determine whether the exercise of personal jurisdiction over Defendant Ma would comport with the Due Process Clause of the Fourteenth Amendment to the United States Constitution.[2]

*a. Mississippi Long-Arm Statute*

The Mississippi long-arm statute provides that a court has personal jurisdiction over

> [a]ny nonresident . . . who shall [1] make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall [2] commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall [3] do any business or perform any character of work or service in this state.

MISS. CODE ANN. § 13-3-57. The three prongs of the statute are commonly referred to as the "contract prong," the "tort prong," and the "doing-business prong."

Plaintiff alleges the contract prong and doing-business prong of the Mississippi long-arm statute are satisfied. For the court to have personal jurisdiction over a nonresident defendant pursuant to the doing-business prong, "(1) the non-resident . . . must purposefully do some act or consummate a transaction in Mississippi; (2) the cause of action must either arise from or be

[2] The Court notes that the two-prong analysis is necessary because the Mississippi long-arm statute is not coextensive with due process. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 869 n.7 (5th Cir. 2000); *Tichenor v. Roman Catholic Church*, 32 F.3d 953, 958 (5th Cir. 1994); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 882 n.5 (5th Cir. 1993).

connected with the act or transaction; and (3) the assumption of jurisdiction by Mississippi must not offend traditional notions of fair play and substantial justice." *Internet Doorway, Inc. v. Parks*, 138 F. Supp. 2d 773, 775 (S.D. Miss. 2001) (citing *Gross v. Chevrolet Country, Inc.*, 655 So. 2d 873, 877 (Miss. 1995) (citing *Rittenhouse v. Mabry*, 832 F.2d 1380, 1384 (5th Cir. 1987)). The Mississippi Supreme Court has stated that "the long-arm statute, by its plain terms, applies to any person or corporation performing any character of work in this state." *Estate of Jones v. Phillips ex rel. Phillips*, 992 So. 2d 1131, 1139 (Miss. 2008); *see also ITL Int'l, Inc. v. Constenla, S.A.*, No. 10–60892, 2012 WL 266987, at *2 (5th Cir. Jan. 31, 2012). A nonresident defendant is subject to personal jurisdiction in Mississippi under the contract prong of the Mississippi long-arm statute if the defendant entered into a contract with a Mississippi resident that is to be at least partially performed in Mississippi. MISS. CODE ANN. § 13-3-57.

Plaintiff alleges that the Mississippi long-arm requirements for personal jurisdiction were met in this case based on the following alleged facts. First, Defendants Best Machinery and Ma entered into a contract with Plaintiff PowerTrain, Inc., a Mississippi corporation, whereby Plaintiff would initiate purchase orders from its office in Belmont, Mississippi, for engines with certain specifications and submit to Defendants' California office for order fulfillment. Plaintiff and Defendants had an ongoing business relationship that lasted for four years, from 2002 until 2006, during which time Defendants would order engines to meet Plaintiff's specifications from a Chinese manufacturer and then have them shipped to Memphis, Tennessee, for pick up by Plaintiff. Once the engines were received by Plaintiff, Plaintiff would sell or otherwise distribute the engines to Wood Sales, Inc., another Mississippi corporation, for resale by Wood Sales, Inc. or Tool Mart, Inc., another Mississippi corporation. Plaintiff maintains that by this activity, Defendants "offered for sale, sold and introduced and delivered for introduction into commerce,

all of the subject engines through the Plaintiff." *See* Pl.'s Compl. [1] at 3. Plaintiff further maintains that Ma's counterclaim against American Honda Motor Company filed in another case concerning the same subject engines, styled *Powertrain, Inc. v. American Honda Motor Co.*, Civil Action Number 1:03-CV-00668-MPM, "clearly reflects Ma's personal and individual engagement in commercial activity in the State of Mississippi, where she imported to the United States from China small engines from her factory, Tong Yong." Pl.'s Mem. Br. Resp. to Def.'s Mot. to Dismiss [14] at 5–6. The subject engines received from Defendants were in violation of federal regulations promulgated under the Clean Air Act. This lawsuit to recover damages Plaintiff suffered as a result of these federal violations arose from the transaction between Plaintiff and Defendants. This Court finds that based on the facts alleged by Plaintiff, Defendant Ma performed a character of work sufficient to satisfy the doing-business prong of the Mississippi long-arm statute. *See, e.g.*, *ITL Int'l, Inc.*, 2012 WL 266987, at *2–3 (finding Costa Rican candy distributor satisfied broadly interpreted doing-business prong of Mississippi long-arm statute by using Mississippi's ports to take possession and title of a shipment of goods). The Court further finds that the contract prong of the statute is satisfied, as well, as Plaintiff's alleged facts contemplate that the contract would be performed at least in part, and the contract was, in fact, performed in part in Mississippi. *See, e.g.*, *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 870 (5th Cir. 2000) (contract entered into by plaintiff and defendant for sale of working interest of unit situated in Mississippi under which defendant was to complete phase of drilling program satisfied contract prong of Mississippi long-arm statute); *Sorrells v. R & R Custom Coach Works, Inc.*, 636 So. 2d 668, 671 (Miss. 1994) (noting that a single contract between plaintiff and defendant would have satisfied the contract prong of the statute).

Although Defendant Ma claims she was a mere employee of Best Machinery, the Court finds that under the facts presented in this case, Plaintiff has made a prima facie showing that Ma's role may have exceeded that of a mere employee of Best Machinery.[3] Plaintiff alleges that Defendant Ma represented to Plaintiff that she and her husband owned Best Machinery and that communication with Defendant Best Machinery entailed communication with Defendant Ma. For these reasons, the Court finds the Mississippi long-arm statute requirements for personal jurisdiction over a nonresident defendant are met. The Court now turns to the due process analysis.

*b. Due Process Clause of the Fourteenth Amendment*

Next, the Court examines whether personal jurisdiction over this action would comport with the Due Process Clause of the Fourteenth Amendment. An individual should not be subject to the binding judgment of a forum for which he has established no meaningful "contacts, ties, or relations." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S. Ct. 154, 90 L. Ed. 95 (1945). Jurisdiction may be general or specific. For the forum to have general jurisdiction over the defendant, the defendant's contacts with the forum state must be systematic and continuous, and that activity must give rise to the episode-in-suit. *Id.* at 317, 66 S. Ct. 154; *Jackson v. FIE Corp.*, 302 F.3d 515, 530–31 (5th Cir. 2002). When the plaintiff alleges that specific jurisdiction is proper, as here, the Court must determine whether the due process requirements are satisfied: (1) the defendant must have minimum contacts purposefully directed at the forum state; (2) a nexus must exist between the defendant's contacts and the plaintiff's claims; and (3) the exercise of jurisdiction over the defendant be fair and reasonable. *See McFadin v. Gerber*, 587 F.3d 753,

[3] It is notable that the United States District Court for the Northern District of Mississippi, in ruling on a motion for summary judgment or partial summary judgment filed by Joyce Ma in *Powertrain, Inc. v. American Honda Motor Co.*, No. 1:03CV668, 2007 WL 2254346 (N.D. Miss. Aug. 2, 2007), held that a genuine dispute of material fact existed as to whether Ma was a mere employee of Best Machinery or instead had full authority over Best Machinery's operations. *See Powertrain, Inc.*, 2007 WL 2254346, at *2.

759 (5th Cir. 2009); *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002). A defendant must have sufficient contacts with the forum state such that it "should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980); *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). The defendant must have "purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there," and such contacts must be more than "random, fortuitous, or attenuated, or of the unilateral activity of another party or third person." *Burger King*, 471 U.S. at 475, 105 S. Ct. 2174 (internal quotation marks and citations omitted). Isolated or sporadic contacts are sufficient for specific jurisdiction, provided the claim arises out of or relates to these contacts. *See id.* at 475 n.18, 105 S. Ct. 2174; *Luv N' Care*, 438 F.3d at 469; *Nuovo Pignone*, 310 F.3d at 379.

Plaintiff argues that Defendant Ma had sufficient minimum contacts with Mississippi, because Ma individually engaged in commercial activity in the State of Mississippi. Specifically, Plaintiff alleges that in early 2001, Defendant Ma approached Oneal Wood, president of PowerTrain, Inc.; Wood Sales, Inc.; and Tool Mart, Inc. at a trade show in Las Vegas, Nevada, about purchasing engines built in China for sale in the United States. Defendant Ma then requested that Wood submit an Everfine 163cc engine for EPA certification, which Wood did and received a certificate label. Defendant Ma represented to Plaintiff that she owned the Chinese manufacturing facility and was personally compensated for the engines manufactured in that facility. Ma had the same EPA certificate placed on other-sized engines manufactured by the Chinese manufacturing facility and purchased by Plaintiff for resale in the United States. Ma represented to Plaintiff that she and her husband owned Best Machinery &

Electrical, Inc., and that she would use Best Machinery to place orders for the engines with the Chinese manufacturer and then ship the engines to the United States through Best Machinery. From 2002 to 2006, Plaintiff and Defendants had an ongoing business relationship during which time PowerTrain placed a series of orders for engines through Defendants Best Machinery and Ma. Once the engines were received by Plaintiff, Plaintiff would sell or otherwise distribute the engines to Wood Sales, Inc., another Mississippi corporation, for resale by Wood Sales, Inc. or Tool Mart, Inc., another Mississippi corporation. By this activity, Defendants "offered for sale, sold and introduced and delivered for introduction into commerce, all of the subject engines through the Plaintiff." Pl.'s Compl. [1] at 3. Plaintiff contends that "Ma was not only personally involved in the importation and sale of the engines by Best Machinery, she was intricately involved in setting up the manufacturing process of the PowerTrain engines by her company, Tong Yong." *See* Pl.'s Mem. Br. Resp. to Def.'s Mot. to Dismiss [14] at 7. Plaintiff further alleges that "Ma visited Belmont, Mississippi on many occasions as a representative of Best Machinery to ensure the proper order and delivery of the small engines through her corporation, Best Machinery." *Id.* Plaintiff claims the damages it has suffered are due to Defendants' participation in the manufacturing process of the subject engines. This manufacturing process did not occur in Mississippi even in part; the manufacturing of the subject engines which failed to meet the specifications required by federal law took place in China. However, Plaintiff maintains that the parties agreed that PowerTrain, Inc. would purchase the engines for the purpose of introducing the engines into the stream of commerce through other Mississippi corporations.

Although Defendant Ma claims the fiduciary shield doctrine applies and would render the exercise of personal jurisdiction over her improper, this Court finds that the facts Plaintiff has

presented to the Court make a prima facie showing that Defendants had purposeful contacts with Mississippi, and Defendant Ma could have reasonably anticipated being haled into court in Mississippi. Further, the facts presented by Plaintiff demonstrate a sufficient nexus between Defendant Ma's contacts with Mississippi and Plaintiff's damages claims. The Court is of the opinion that Plaintiff has made a prima facie case of personal jurisdiction over Defendant Ma, and the motion to dismiss for lack of personal jurisdiction should be denied. The Court now turns to the motion to dismiss for improper venue brought pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

### *2. Rule 12(b)(3) Motion to Dismiss for Improper Venue*

Defendant Ma has also filed a motion to dismiss for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or in the alternative, to transfer venue to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1406. The general venue statute, 28 U.S.C. § 1391(b), provides:

> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The federal statute concerning improper venue provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been

brought." 28 U.S.C. § 1406. "Federal Rule of Civil Procedure 12(b)(3) specifically permits a party to move to dismiss for improper venue before joining issue on any substantive point through the filing of a responsive pleading . . . ." *Hohn v. United States*, 524 U.S. 236, 248, 118 S. Ct. 1969, 141 L. Ed. 2d 242 (1998). In ruling on a Rule 12(b)(3) motion to dismiss, the court must accept any undisputed facts in the plaintiff's pleadings as true and resolve any conflicts in the evidence in the plaintiff's favor. *See Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 448–49 (5th Cir. 2008). In such an analysis, "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Id.* at 449. Generally, the plaintiff's choice of venue will not be disturbed unless the balance of factors weighs in favor of the defendant. The Court finds that based upon the following reasoning, the case *sub judice* was properly brought in this Court.

First, this Court applies the general venue statute, 28 U.S.C. § 1391(b). In the instant case, Defendant Ma resides in South El Monte, California, which is within the jurisdiction of the United States District Court for the Central District of California. As a corporation, Defendant Best Machinery resides wherever it is subject to personal jurisdiction, including California, where it was incorporated. *See* 28 U.S.C. § 1391(c). Because both Defendants reside in California for venue purposes, the case could properly have been brought in a California district court. Alternatively, the case could be brought wherever a substantial part of the events or omissions giving rise to action occurred or where a substantial amount of property is situated. Given the circumstances of this case, the case could have been properly brought in at least two venues: a federal district court in California or a federal district court in Mississippi. As such, this Court is a proper venue for this action.

The Court now turns to Defendant Ma's request that the case alternatively be transferred to another venue. The federal venue transfer statute, 28 U.S.C. § 1404(a), provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a); *see also Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). A district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999). The movant must show that "the transferee venue is . . . clearly more convenient." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) (stating that the "plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed"). In deciding this issue, the court should consider private and public interest factors. The private interest factors are as follows: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981)). The public interest factors are as follows: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* (citing *Piper Aircraft Co.*, 454 U.S. at 241 n.6, 102 S. Ct. 252).

Both parties agree that each party's witnesses reside in the state of the party and that documents related to this litigation are easily accessible from any location. Defendant Ma contends that the Court should transfer the case to the Central District of California for the following reasons. First, Ma contends that the case could have originally been brought in the Central District of California, as Defendant Ma is a California resident and Defendant Best Machinery is a California corporation. Second, Ma contends that because "Plaintiff sold subject engines nationwide, and was sued by the United States for nationwide pollution, there is no exceptional local interest." Def.'s Mot. to Dismiss [10] at 13. Defendant Ma further maintains that there is no significant administrative difficulty flowing from court congestion. She contends that the "only factor that stands out" in this analysis is that "[t]he financial condition of the two parties is lopsided." *Id.* Defendant Ma argues that while "Powertrain can remain operational with a negative net worth of [$2 million] without the need to file for bankruptcy protection, . . . the financial power of Ma, as an employee of Best, is limited to her salaries." Def.'s Reply Supp. Mot. to Dismiss [15] at 4. Plaintiff argues that this Court is the appropriate venue for this action brought by a Mississippi corporation, because Mississippi has a critical interest in protecting its citizens from torts or the serious misconduct of nonresident defendants and because "Ma solicited and conducted business in the State of Mississippi, was critically involved in the manufacture of these engines in China, and was the conduit between PowerTrain, Inc. and [the Chinese manufacturers]." Pl.'s Mem. Br. Resp. to Def.'s Mot. to Dismiss [14] at 9–10.

The Court finds that the public and private interest factors do not weigh heavily on either side. Whether the case is litigated in California or Mississippi, either Plaintiff or Defendant Ma will have to travel, either Plaintiff's witnesses or Defendant Ma's witnesses will have to travel, and the documents related to the litigation should be readily accessible from either location.

Both California and Mississippi have an interest in this litigation. However, the Court notes that Mississippi has an interest in protecting its citizens, and finds in its discretion that preference should be given to Plaintiff PowerTrain, Inc.'s choice of venue. Thus, the motion to dismiss for improper venue, or alternatively, to transfer to another venue, is denied. Finally, the Court turns to the motion to dismiss for failure to state a claim brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

***3. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim***

Defendant Ma's third motion to dismiss is for failure to state a claim. Motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "are viewed with disfavor and are rarely granted." *Kocurek v. Cuna Mut. Ins. Soc'y*, No. 10–51042, 2012 WL 201866, at *2 (5th Cir. Jan. 24, 2012) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). "The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The court must not evaluate the likelihood of the claim's success, but instead ascertain whether the plaintiff has stated a legally cognizable claim that is plausible. *Lone Star Fund*, 594 F.3d at 387 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

In the case *sub judice*, Plaintiff alleges a contract dispute related to the long-term business relationship between the parties arising from an agreement for Plaintiff to purchase and resell the subject engines obtained by Defendants. As Defendant Ma suggests, the complaint suffers from some lack of detail with regards to the contract at issue. However, it is clear to this Court that from the language of the complaint, Plaintiff is alleging a contractual dispute between Plaintiff and Defendants. It is also clear to this Court that from the face of the complaint, Defendant Ma has sufficient notice of the claims asserted against it for this stage of the litigation. Accordingly, the Court finds that the motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be denied.

*B. Conclusion*

In sum, the Court finds that Defendant Ma's motions to dismiss [9] for lack of personal jurisdiction, improper venue, and failure to state a claim are DENIED.

A separate order in accordance with this opinion shall issue this day.

It is SO ORDERED, this the 27th of February, 2012.

[signature]

SENIOR JUDGE