# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| **POWERTRAIN, INC., A MISSISSIPPI CORPORATION** | **PLAINTIFF** |
| VS. | CIVIL ACTION NO. 1:11-cv-000105-SA-DA |
| **JOYCE MA, INDVIDUALLY, AND BEST MACHINERY & ELECTRICAL, INC.** | **DEFENDANTS** |
| **JOYCE MA, INDVIDUALLY** | **COUNTER-PLAINTIFF** |
| VS. | |
| **POWERTRAIN, INC., A MISSISSIPPI CORPORATION** | **COUNTER-DEFENDANT** |
| **JOYCE MA, INDVIDUALLY** | **THIRD-PARTY PLAINTIFF** |
| VS. | |
| **WILLIAM H. SHAWN, An Individual, and SHAWNCOULSON, LLP, a Washington, DC Limited Liability Partnership** | **THIRD-PARTY DEFENDANTS** |

# MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANT JOYCE MA IN SUPPORT OF HER OPPOSITION TO THE RULE 15(a) MOTION FOR LEAVE TO AMEND BY PLAINTIFF POWERTRAIN, INC.

COMES NOW, Defendant Joyce Ma, the individual ("Ma"), and, by counsel, respectfully submits her Memorandum of Points and Authorities in support of her Opposition to Rule 15(a) Motion for Leave to Amend the Complaint filed by Plaintiff Powertrain, Inc. ("Powertrain").

## SUMMARY OF POSITIONS

1. Plaintiff Powertrain filed the instant motion, not due to the discovery of any new evidence, but as a calculated move to cause Ma damages by forcing Ma to conduct her discoveries again.

2. Powertrain filed the instant motion in bad faith and with complete lack of due diligence by disregarding repeated opportunities to amend the complaint before the commencement of the discoveries.

3. Since Powertrain continuously failed to act with due diligence, Ma respectfully request the Court to deny Powertrain's motion.

## RELEVANT LAW

4. Under Federal Rule of Civil Procedure 15(a), the trial court is vested with discretion in granting or denying an amendment. See *Foman v. Davis,* 371 U.S. 178 (1962). Trial courts may consider a number of factors in

making this determination, including undue delay, bad faith, undue prejudice, futility of amendment, or repeated failure to cure deficiencies by previous amendments. *Id.* Delay alone is insufficient to deny the proposed amendment. *Robinson v. Michigan Consol. Gas Co. Inc.,* 918 F.2d 579, 581 (6th Cir. 1990) (citations omitted). Where a party seeks leave to amend under Rule 15(a), "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension and Brake,* 49 F.3d 1197, 1202 (6th Cir. 1995) (citing Troxel Mfg. Co. v. Schwinn Bicycle Co., 489 F.2d 968 (6th Cir. 1973).

## PROCEDURAL HISTORY

5. On or about May 3, 2011, Plaintiff Powertrain filed the complaint against, *inter alia,* Defendant Ma. The complaint contained no explicit cause of action. (Doc. No. 1)

6. On or about July 25, 2011, Ma filed a motion to dismiss Powertrain's suit for, *inter alia,* failure to state a claim.

7. On or about February 27, 2012, in the Court's ruling of Ma's motion to dismiss, the Court identified a single cause of action, namely, breach of contract. (Doc. No. 22)

8. On or about March 2, 2012, Ma answered the complaint, explicitly naming the single cause of action (i.e., breach of contract). (Doc. No. 24)

9. Powertrain commenced discovery without any attempt to amend.

10. On or about November 13, 2012, as the discovery deadline, i.e., December 3, 2012, was approaching, Powertrain filed the instant motion for leave to amend the original complaint by vastly expanding the scope of the instant lawsuit (Doc. No. 72). Besides explicitly stating the cause of action of breach of contact, Powertrain added a tort cause of action of negligence/wantonness, a breach of warranty cause of action, and its intention to pierce the corporate veil, by stating that Ma was a corporate officer of her former employer Best Machinery & Electrical, Inc. ("Best"), without demonstrating any evidence.

## ARGUMENTS

## I. POWERTRAIN'S DELAY IN FILING THE INSTANT MOTION WAS INTENTIONALLY CALCULATED TO HARM MA

11. Powertrain's refusal to explicitly state its cause of action in the original complaint has been the problem for Ma from the beginning of the case. It took a motion by Ma and a court opinion to deduce Powertrain's cause of action to that of breach of contract.

12. When Powertrain read the Court's ruling and Ma's Answer to Powertrain's complaint, explicitly answering the single cause of action of breach of contract, Powertrain did not object or request leave to amend.

13. Powertrain allowed the discovery to proceed for more than eight (8) months thereafter.

14. On or about November 13, 2012, with less than one (1) month remaining in the discovery period, and as Ma was completing her discovery, Powertrain filed the instant motion to vastly expand the scope of this lawsuit.

15. Powertrain clearly recognizes the disparity of this case in its favor, e.g., the advantage of a corporation (i.e., Powertrain) versus an individual (i.e., Ma), and the fact that Ma has to conduct the case from afar, i.e., California. Powertrain's tactics was to force Ma to repeat the nearly

completed pleading and discovery stages, calculated, *inter alia,* to create as much cost for Ma as possible.

## II. POWERTRAIN FILED THE INSTANT MOTION IN BAD FAITH WITH INTENTION TO CAUSE MA UNDUE JUSTICE BY TAKING ADVANTAGE OF THE COURT'S LIBERAL ATTITUDE TOWARD THIS TYPE OF MOTIONS

16. The instant motion was filed in bad faith with intention to cause Ma undue justice, because Powertrain, in more than 18 months since it filed the complaint without explicitly naming any cause of action, and more than eight (8) months since the Court identified the single cause of action of breach of contract, waited as Ma conducted her discovery.

17. When Ma was finishing her discovery, Powertrain moved to vastly expand the scope of discovery, forcing Ma to bear the cost of, *inter alia,* conducting another round of discoveries. The delay in filing the instant motion was intentionally calculated to cause Ma maximum harm. It is clearly an abuse the legal process, i.e., Rule 15(a).

## III. THE ADDITIONAL CAUSES OF ACTION ARE FUTILE BECAUSE THEY HAVE NO EVIDENTIARY BASIS

MA'S OPPOSITION TO POWERTRAIN'S RULE 15(a) MOTION
1:11-cv-000105-SA-DA

18. First, Ma, whose job at Best was to assist communications, committed no negligent act herself. The amended complaint did not make such an allegation.

19. Second, Ma, who has never been a party of any contract with Powertrain, granted Powertrain no warranty.

20. Third, although the identity of officers of a corporation was a matter of record, Powertrain discovered no evidence through the discovery process, and simply stated a conclusion in its amended complaints that Ma was an officer of Best.

21. "[A] party must act with due diligence if it intends to take advantage of the Rule's liberality." *Id*. If Powertrain had had any intent to act with due diligence, it would have stated the additional causes of action in the original complaint 18 months ago, or, at least, would have requested leave to amend when the Court ruled that Powertrain's cause of action was that of breach of contract more than eight (8) months ago.

22. Powertrain intentionally waited for Ma to conduct her discovery, and filed the instant motion to vastly expand the scope of the lawsuit only when the discovery deadline was approaching.

23. In addition, Powertrain did not bother to discover even matters of record, e.g., whether Ma was an officer of Best, before making the new allegation in the proposed amended complaint.

24. Therefore, Powertrain failed to act with due diligence and should not be allowed to take advantage of Rule 15(a)'s liberality.

## CONCLUSION

**WHEREFORE,** Ma respectfully requests the Court to deny leave to amend. Alternatively, Ma respectfully requests the Court to allow sufficient time, comparable to the time allowed for Ma to discover the cause of action of breach of contract, for Ma to perform adequate discovery for the vastly expanded scope of this lawsuit.

Dated: November 26, 2012　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　JOYCE MA
　　　　　　　　　　　　　　　　DEFENDANT/THIRD PARTY PLAINTIFF

　　　　　　　　　　　　　　　　　　　　By /s/ Jeffery M. Navarro
　　　　　　　　　　　　　　　　　　　　JEFFERY M. NAVARRO
　　　　　　　　　　　　　　　　　　　　P.O. BOX 162
　　　　　　　　　　　　　　　　　　　　AMORY, MS 38821
　　　　　　　　　　　　　　　　　　　　662-256-3706
　　　　　　　　　　　　　　　　　　　　MBN: 3755
　　　　　　　　　　　Attorney for Defendant/Third Party Plaintiff,
　　　　　　　　　　　　　　　　　　　　Joyce Ma

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                            /s/ Jeffery M. Navarro
                                              Jeffery M. Navarro