**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

| | | |
|---|---|---|
| POWERTRAIN, INC., A MISSISSIPPI CORPORATION | ) | CASE NO. 1:11-cv-00105-SA-JAD |
| | ) | |
| | ) | |
| Plaintiff, | ) | **JOYCE MA'S ANSWER TO** |
| v. | ) | **PLAINTIFF'S FIRST** |
| | ) | **AMENDED COMPLAINT** |
| JOYCE MA, INDIVIDUALLY, | ) | |
| AND BEST MACHINERY & | ) | |
| ELECTRICAL, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## DEFENDANT JOYCE MA'S ANSWER TO PLAINTIFF'S FIRST

## AMENDED COMPLAINT

Defendant Joyce Ma, an individual ("Ma"), answers the Complaint of Powertrain, Inc., ("Powertrain") as follows:

## THE PARTIES

1.      Ma is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 Section I, and therefore denies them.

2.      Ma admits that Ma is an adult resident of the State of California.

3. Ma is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

## **JURISDICTION**

4. The Court has jurisdiction pursuant to this Court's ruling of February 27, 2012 (Doc. No. 22).

## **VENUE**

5. Ma denies that Ma has engaged in the business of importing, selling or otherwise introducing into commerce any engine or non-road equipment containing any engine in the United States. Ma further denies that Ma has conducted business individually or under the corporate name "Best Machinery and Electrical, Inc." ("Best") with Powertrain in the State of Mississippi. Ma denies any remaining allegations of paragraph 5.

6. Ma denies Plaintiff's statement "Ma and Best were co-defendants with Powertrain in Cause [*sic*] Number 1:03-CV-00668-MPM styled *Honda Motor Company v. PowerTrain, Inc.*" A case numbered "1:03-cv-00668-MPM" at Northern District of Mississippi (Eastern Division) carries the caption of *"Powertrain, Inc., et al v. American Honda Motor, et al."* ("*Powertrain v. Honda*"), because Powertrain initiated the lawsuit by filing a complaint against Honda Motor Company ("Honda"). Ma denies that

she filed a counter claim in *Powertrain v. Honda* on September 26, 2005. The attorney for Best, Raymond Buendia, Esq., filed a counterclaim on September 27, 2005. Ma denies Powertrain's characterization of Honda's case against Ma. Ma denies any remaining allegations of paragraph 6.

7.      Venue is proper pursuant to this Court's ruling of February 27, 2012 (Doc. No. 22).

## GENERAL ALLEGATIONS

8.      Ma denies that, at any time, Ma imported any engine, or any equipment containing any engine for re-sale in the United States. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8 and therefore denies them.

9.      Ma denies that Ma imported any engine to be distributed or sold in the United States, that Ma engaged in the business of selling any engine, and that Ma offered for sale, sold, introduced, or delivered for introduction into commerce, any engine. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9, and therefore denies them.

10.     Ma denies that Ma is the alter-ego of Best. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10 and therefore denies them.

11.     Ma denies that Ma imported any engine for re-sale in the United States to Powertrain. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11, and therefore denies them.

12.     Ma is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies them.

13.     Ma is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and therefore denies them.

14.     Ma is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and therefore denies them.

15.     Ma denies that Ma imported any engine manufactured by anyone. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15, and therefore denies them.

16.     Ma is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and therefore denies them.

17.     Ma denies that she had any relationship with Everfind. Ma further denies that she imported any engine manufactured by anyone. Ma further denies that Ma sold any engine to Powertrain at any time. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 17, and therefore denies them.

18.     Ma denies that she imported any engine at any time. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18, and therefore denies them.

19.     Ma is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies them.

20.     Ma is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies them.

21.     Ma is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore denies them.

22.     Ma is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore denies them.

23.     Ma is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore denies them.

24.     Ma is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and therefore denies them.

25.     Ma denies that she imported any engine at any time. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 25, and therefore denies them.

26.     Ma denies that she imported or sold any engine at any time. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26, and therefore denies them.

27.     Ma denies that she imported, sold, offered for sale, introduced into commerce, or sold to anyone any engine at any time. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27, and therefore denies them.

28.     Ma denies that she imported or sold any engine at any time. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28, and therefore denies them.

29.     Ma denies that she sold any engine at any time. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 29, and therefore denies them.

30.     Ma denies that she imported, sold, or otherwise introduced into commerce any engine at any time. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 30, and therefore denies them.

31.     Ma is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, and therefore denies them.

32.     Ma is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, and therefore denies them.

33.     Ma denies that she has any duty to meet any engine information label requirements at any time. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33, and therefore denies them.

34.     Ma denies that she imported or sold any engine at any time. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 34, and therefore denies them.

35.     Ma denies that she sold any engine at any time. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35, and therefore denies them.

36.     Ma denies that she sold any engine at any time. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 36, and therefore denies them.

37.     Ma denies that she imported or sold any engine at any time. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37, and therefore denies them.

38.     Ma denies that she imported or sold any engine at any time. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 38, and therefore denies them.

## COUNT I

### (Negligence/Wantonness)

39.     Ma incorporates by reference its responses to the allegations of paragraphs 1 though 38 above as its response to paragraph 39 of Powertrain's complaint.

40.     Ma denies the allegations of paragraph 40 in regards to Ma, and specifically denies that Ma has sold any engine to anyone. Ma is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40, and therefore denies them.

41.     Ma denies the allegations of paragraph 41 in regards to Ma, and specifically denies that Ma has sold any engine to anyone. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41, and therefore denies them.

42.     Ma denies the allegations of paragraph 42 in regards to Ma, and specifically denies that Ma has sold any engine to anyone. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 42, and therefore denies them.

<u>**COUNT II**</u>

**(Breach of Contract)**

43.     Ma incorporates by reference its responses to the allegations of paragraphs 1 though 42 above as its response to paragraph 43 of Powertrain's complaint.

44.     Ma denies the allegations of paragraph 44 in regards to Ma, and specifically denies that she sold any engine at any time. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 44, and therefore denies them.

45.     Ma denies the allegations of paragraph 45 in regards to Ma, and specifically denies that she sold any engine at any time. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45, and therefore denies them.

46.     Ma denies the allegations of paragraph 46 in regards to Ma. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45, and therefore denies them.

## COUNT III

### (Breach of Warranty)

47.     Ma incorporates by reference its responses to the allegations of paragraphs 1 though 46 above as its response to paragraph 47 of Powertrain's complaint.

48.     Ma denies the allegations of paragraph 48 in regards to Ma, and specifically denies that she sold any engine at any time. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 48, and therefore denies them.

49.     Ma is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49, and therefore denies them.

JOYCE MA'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
CIVIL ACTION NO. 1:11-cv-00105-SA-JAD

50.     Ma denies the allegations of paragraph 50 in regards to Ma, and specifically denies that she sold any engine at any time. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 50, and therefore denies them.

51.     Ma denies the allegations of paragraph 51 in regards to Ma. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 51, and therefore denies them.

52.     Ma denies the allegations of paragraph 52 in regards to Ma. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 52, and therefore denies them.

## COUNT IV

### (Piercing the Corporate Veil/Alter Ego Liability)

53.     Ma incorporates by reference its responses to the allegations of paragraphs 1 though 52 above as its response to paragraph 53 of Powertrain's complaint.

54.     Ma denies the allegations of paragraph 54 in regards to Ma, and specifically denies that she has ever been an officer of Best, and that she has disregarded any corporate formalities. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 54, and therefore denies them.

55.     Ma denies the allegations of paragraph 55 in regards to Ma, and specifically denies that she has operated Best. Ma is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 55, and therefore denies them.

## PRAYER FOR RELIEF

56.     These paragraphs set forth the statement of relief requested by Powertrain to which no response is required. Ma denies that Powertrain is entitled to any of the requested relief and denies any allegations contained in the Prayer For Relief to which a response is required.

57.     Ma denies each and every allegation of Powertrain's complaint not specifically admitted or otherwise responded to above. Ma specifically denies that Ma has imported, sold, otherwise introduced into commerce, or contracted with anyone to sell any of the subject engines. Ma further specifically denies that Powertrain is entitled to any relief whatsoever of any kind against Ma as a result of any act of Ma or any person or entity acting on behalf of Ma.

## DEFENSE

## First Defense – No Contract Formation

58.     Ma incorporates herein by reference paragraphs 1 though 57 of this Answer.

59.     Ma has never formed any contract with Powertrain.

60.     All of Powertrain's claims are barred because there has been no contract between Ma and Powertrain.

## Second Defense – Accord And Satisfaction

61.     Ma incorporates herein by reference paragraphs 1 though 60 of this Answer.

62.     Shortly after Powertrain filed the complaint against American Honda Motor Co., Inc., in *Powertrain v. Honda*, Oneal Wood, the owner of Powertrain informed Ma that Powertrain needed Ma's help in *Powertrain v. Honda* and offered to represent Ma.

63.     Ma informed Oneal Wood that she was afraid of being involved in *Powertrain v. Honda* personally. Oneal Wood offered to Ma that Powertrain would do no harm to Ma and represent Ma if Honda were to sue Ma and if Best would refuse to pay Ma's attorney fees.

64.     Ma accepted the offer.

65.     Thereafter, *inter alia,* when Honda deposed Ma, William H. Shawn, Esq. ("Shawn"), the lead attorney representing Powertrain et al. in *Powertrain v. Honda*, prepared Ma for and represented Ma in the deposition of Ma by Honda.

66.     While representing Ma, Shawn reassured Ma that Powertrain would do no harm to Ma.

67.     Jeffery Wood, son of Oneal Wood and an employee of Powertrain, further promised Ma that if Honda were to involve Ma personally in the case, Powertrain would file papers with the Court to dismiss Ma.

68.     Ma cooperated with Powertrain fully in *Powertrain v. Honda*.

69.     All of Powertrain's claims are barred because of the accord and satisfaction.

### Third Defense – Waiver

70.     Ma incorporates herein by reference paragraphs 1 though 69 of this Answer.

71.     By contracting with Ma that Powertrain would do no harm to Ma, Powertrain has waived all claims against Ma.

72.     All of Powertrain's claims are barred by the waiver.

### Fourth Defense – Estoppel

73.     Ma incorporates herein by reference paragraphs 1 though 72 of this Answer.

74.     All of Powertrain's claims are barred because of the estoppel.

### Fifth Defense – Fraud

75.     Ma incorporates herein by reference paragraphs 1 though 74 of this Answer.

76.     Powertrain fraudulently induced Ma to be involved in *Powertrain v. Honda*, so it may use Ma's action in *Powertrain v. Honda* against Ma in the instant case.

77.     All of Powertrain's claims are barred by the fraud it committed against Ma.

## Sixth Defense – Laches

78.     Ma incorporates herein by reference paragraphs 1 though 77 of this Answer.

79.     All of Powertrain's claims are barred by the doctrine of laches.

## Seventh Defense – Statute of Limitation

80.     Ma incorporates herein by reference paragraphs 1 though 79 of this Answer.

81.     All of Powertrain's claims are barred by the statute of limitation.

## Eighth Defense – Unclean Hands

82.     Ma incorporates herein by reference paragraphs 1 though 81 of this Answer.

83.     All of Powertrain's claims are barred because Powertrain has come to this Court with unclean hands.

## Ninth Defense – Failure To Mitigate

84.     Ma incorporates herein by reference paragraphs 1 though 83 of this Answer.

85.     All of Powertrain's claims are barred because Powertrain has failed to mitigate.

## Tenth Defense – Illegality

86.     Ma incorporates herein by reference paragraphs 1 though 85 of this Answer.

87.     All of Powertrain's claims are barred by the illegality.

## Eleventh Defense – Novation

88.     Ma incorporates herein by reference paragraphs 1 though 87 of this Answer.

89.     Powertrain's do-no-harm agreement with Ma acts as novation. Therefore, all of Powertrain's claims are barred by novation.

## Twelfth Defense – Waiver

90.     Ma incorporates herein by reference paragraphs 1 though 89 of this Answer.

91.     Powertrain's do-no-harm agreement with Ma waived all Powertrain's claims. Therefore, all of Powertrain's claims are barred by waiver.

## Thirteenth Defense – Release

92.     Ma incorporates herein by reference paragraphs 1 though 91 of this Answer.

93.     Powertrain's do-no-harm agreement with Ma released Ma of all Powertrain's claims. Therefore, all of Powertrain's claims are barred by release.

## Fourteenth Defense – Assumption of Risk

94.     Ma incorporates herein by reference paragraphs 1 though 93 of this Answer.

95.     All of Powertrain's claims are barred by its assumption of risk.

## Fifteenth Defense – Failure of Notice Requirement

96.     Ma incorporates herein by reference paragraphs 1 though 95 of this Answer.

97.     Powertrain failed to notify Ma timely of any alleged breach and demand any payment timely.

98.     All of Powertrain's claims are barred by the failure of notice requirement.

## PRAYER FOR RELIEF

WHEREFORE, Ma prays for judgment as follows:

a. A judgment dismissing Powertrain's Complaint against Ma with

prejudice;

b. A declaration that Powertrain acted in bad faith, vexatiusly,

wantonly, or for oppressive reasons in this case and an award to

Ma of its reasonable costs and expenses of litigation, including

attorneys' fees and expert witness fees; and

c. Such other and further relief as this Court may deem just and proper.


## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure

and Civil L.R. 3-6(a), Ma respectfully demands a jury trial of all issues

triable to a jury in this action.


Dated: February 5, 2013                     Respectfully Submitted,


                                                    JOYCE MA
                                                    DEFENDANT

                                            By_/s/ Jeffery M. Navarro_
                                                    JEFFERY M. NAVARRO
                                                    P.O. BOX 162
                                                    AMORY, MS 38821
                                                    662-256-3706
                                                    MBN: 3755
                                                    Attorney for Defendant
                                                    Joyce Ma

## <u>DEMAND FOR JURY TRIAL</u>

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Joyce Ma respectfully demands a jury trial of all issues triable to a jury in this action.


Dated: February 5, 2013                    Respectfully Submitted,

                                                    JOYCE MA
                                                    DEFENDANT

                                        By  /s/ Jeffery M. Navarro
                                            JEFFERY M. NAVARRO
                                            P.O. BOX 162
                                            AMORY, MS 38821
                                            662-256-3706
                                            MBN: 3755
                                            Attorney for Defendant
                                            Joyce Ma

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.


    /s/ Jeffery M. Navarro
    Jeffery M. Navarro