IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

POWERTRAIN, INC., a Mississippi corporation            PLAINTIFF

v.            CIVIL ACTION NO. 1:11-CV-00105-GHD-DAS

JOYCE MA, individually; and
BEST MACHINERY & ELECTRICAL, INC.            DEFENDANTS

## ORDER DENYING THIRD-PARTY DEFENDANTS' MOTION TO DISMISS AND GRANTING LEAVE TO FILE AMENDED THIRD-PARTY COMPLAINT

Presently before the Court is a motion to dismiss [57] filed by Third-Party Defendants William H. Shawn and ShawnCoulson, LLP (the "Third-Party Defendants"). Third-Party Plaintiff Joyce Ma (the "Third-Party Plaintiff") has filed a response requesting that the Court deny the motion and grant her leave to amend her third-party complaint. Upon due consideration, the Court finds that the Third-Party Defendants' motion to dismiss [57] should be denied and the Third-Party Plaintiff's request for leave to amend her complaint should be granted.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint when the plaintiff has failed to state a claim upon which relief can be granted. However, such motions "are viewed with disfavor and are rarely granted." *Kocurek v. Cuna Mut. Ins. Soc'y*, 459 F. App'x 371, 373 (5th Cir. 2012) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). "Rule 15(a) of the Federal Rules of Civil Procedure requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *See Sims v. Carrington Mortg. Servs., L.L.C.*, --- F. App'x ----, 2013 WL 4083287, at *2 (5th Cir. Aug. 14, 2013) (per curiam) (quoting *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 992 (5th Cir. 2005) (internal quotation marks omitted)). "[D]istrict

1

courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

The Court finds that leave to amend should be granted to the Third-Party Plaintiff in this case, but the Court cautions that to survive a subsequent Rule 12(b)(6) motion to dismiss, the Third-Party Plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, No. 12–30617, 2013 WL 1490654, *2 (5th Cir. Apr. 12, 2013) (per curiam) (quoting *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. In addition to meeting these requirements, the circumstances of a fraud claim <u>must</u> be pled with particularity. FED. R. CIV. P. 9(b). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs.*, 112

F.3d 175, 177 (5th Cir. 1997) (citing *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)). "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (citing *Williams*, 112 F.3d at 179).

Accordingly, it is ORDERED that the motion to dismiss [57] filed by Third-Party Defendants William H. Shawn and ShawnCoulson, LLP is DENIED, and it is further ORDERED that Third-Party Plaintiff Joyce Ma must file her amended complaint within fifteen (15) days of the date of this Order.

It is SO ORDERED, this, the 24 of September, 2013.

_____
SENIOR JUDGE