# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| **POWERTRAIN, INC., A MISSISSIPPI CORPORATION** | **PLAINTIFF** |
| v. | CAUSE NO.: 1:11-cv-00105-GHD-DAS |
| **JOYCE MA, INDIVIDUALLY, AND BEST MACHINERY & ELECTRICAL, INC.** | **DEFENDANTS** |
| **JOYCE MA, INDIVIDUALLY** | **THIRD PARTY PLAINTIFF** |
| v. | |
| **WILLIAM H. SHAWN, AND SHAWNCOULSON, LLP** | **THIRD PARTY DEFENDANTS** |

## DEFENDANT JOYCE MA'S

## FIRST AMENDED THIRD PARTY COMPLAINT

COMES NOW the Defendant Joyce Ma, (Third Party Plaintiff), an individual ("Ma"), and files this, her First Amended Third Party Complaint against the third party Defendants, William H. Shawn, and ShawnCoulson LLP, and in support of said First Amended Third Party Complaint, would represent and show unto the Court as follows:

1.The Third Party Defendant, WILLIAM H. SHAWN, is an adult resident citizen of Washington, D.C., and can be served with the process of this Court as follows:

>WILLIAM H. SHAWN
>
>1850 M Street N.W.
>
>Suite 280
>
>Washington D.C. 20036

2. The Third Party Defendant, SHAWNCOULSON, LLP, Is a legal corporation which can be served with the process of this Court as follows:

>SHAWNCOULSON, LLP
>
>1850 M Street N.W.
>
>Suite 280
>
>Washington D.C. 20036

**Jurisdiction And Venue**

3.Pursuant to the Court ruling (Doc. No. 22), this Court has jurisdiction.

4.Pursuant to the Court ruling (Doc. No. 22), venue is proper for this Court.

**Factual Background**

### A. The Formation Of The Contract

5. On or about December 19, 2003, Powertrain et al. filed a complaint against American Honda Motor Co., Inc., in a case stylized *Powertrain, Inc., et al., v. American Honda Motor, et al.* (Civil Case No. 03-668) ("the *Honda* case")

6. Shortly after Powertrain filed the *Honda* case, Oneal Wood, the owner of Powertrain informed Ma that Powertrain needed Ma's help in the *Honda* case and offered to represent Ma.

7. Ma informed Oneal Wood that she was afraid of being involved in the *Honda* case personally. Oneal Wood offered to Ma that Powertrain would do no harm to Ma and represent Ma if Honda were to sue Ma and if Best would refuse to pay Ma's attorney fees.

8. Ma accepted the offer.

9. Thereafter, *inter alia,* when Honda deposed Ma on May 2, 2005, William H. Shawn, Esq. ("Shawn"), the lead attorney representing Powertrain et al. in the *Honda* case, prepared Ma for and represented Ma in the deposition of Ma by Honda.

10. While representing Ma and Powertrain, Shawn reassured Ma that Powertrain would do no harm to Ma. However, Shawn failed to execute an implied promise, including, but not limited to, putting the terms in writing. Shawn acted as the attorney and agent for Powertrain when making this representation to

Ma. Further, any efforts by Shawn to form the contract between Powertrain and Ma were done so by Shawn as the attorney and agent of Powertrain.

11. Jeffery Wood, son of Oneal Wood and an employee of Powertrain, further promised Ma that if Honda were to involve Ma personally in the case, Powertrain would file papers with the Court to dismiss Ma.

12. Ma cooperated with Powertrain fully in the *Honda* case and performed her part of the bargain.

13. In or about March 2012, Ma contacted Shawn to request information concerning the *Honda* case. Shawn stated that he had turned over all the documents to Oneal Wood after he won the lawsuit against Oneal Wood for attorney's fees and Oneal Wood paid his attorney's fees, and that he had no documents on the *Honda* case. Shawn further denied that he has ever represented Ma.

    **B. The Breach Of The Contract**

14. After Powertrain lost the *Honda* case, Honda turned over its material to the United States Environmental Protection Agency ("EPA") and caused the United States Justice Department and EPA to file a civil complaint against Powertrain stylized *United States of America v. Powertrain, Inc. et al.,* Civil Action Case Number 1:09-cv-00993-RBW, District of Columbia.

15. Powertrain settled with EPA with, *inter alia,* a fine of $2 million.

16. On or about May 5, 2011, Powertrain filed the instant complaint against Ma, and breached the contract entered by the Third Party Defendants with Ma.

## COUNT ONE

### Breach of the Duty of Loyalty

### (Against Both Third Party Defendants)

17. Ma restates and incorporates by reference its allegations in paragraphs 1-16 of this Complaint, *supra*.

18. The Third Party Defendants failed to take reasonable steps to assure the execution of the oral "do no harm" contract, including, but not limited to, putting said contract in writing, causing, at least partially, the breach of the contract when Powertrain filed the instant suit against Ma on or about May 5, 2011.

19. The Third Party Defendants breached their duty of loyalty owed to Ma by failing to represent her needs with Powertrain by not pursing a written expression of the contract reached between Powertrain and Ma.

20. The failure of the Third Party Defendants to disclose the conflicts of interest which they had in representing both Powertrain and Ma, as well as taking the necessary steps to put the oral agreement between Powertrain and Ma

into writing, combined with the Third Party's assurances to Ma that if she cooperated with Powertrain in the Honda litigation that no harm would come to her, amounted to a breach of their duty of loyalty owed to Ma.

## COUNT TWO

### Conflict of Interests

### (Against Both Third Party Defendants)

21. Ma restates and incorporates by reference its allegations in paragraphs 1-20 of this Complaint, *supra*.

22. When the Third Pary Defendants offered to represent Ma and Best while representing Powertrain in the *Honda* case, they knew or should have known the clear and obvious conflict of interests, which was left unresolved until, at least, May 5, 2011, when Powertrain filed the instant case against Ma.

23. When the Third Party Defendants denied to Ma of any representation, after Powertrain filed the instant lawsuit against Ma on or about May 5, 2011, they exposed their conflict of interests in representing Powertrain et al., and Ma.

## COUNT THREE

### Breach of Fiduciary Duty

**(Against Both Third Party Defendants)**

24. Ma restates and incorporates by reference its allegations in paragraphs 1-23 of this Complaint, *supra*.

25. In addition to failure to put the do-no-harm agreement in writing, *inter alia,* when Ma requested the Third Party Defendants to provide documents in the *Honda* case in or about March 2012, Shawn stated to Ma that all documents were turned over to Oneal Wood and that he no longer had any documents in the *Honda* case.

26. The Third Party Defendants breached their fiduciary duty to Ma by, *inter alia,* failing to put the do-no-harm agreement in writing, and failing to maintain records for her, their client, and by turning over all of said records to one client only, Powertrain.

**COUNT FOUR**

**Negligent Misrepresentation**

**(Against Both Third Party Defendants)**

27. Ma restates and incorporates by reference its allegations in paragraphs 1-26 of this Complaint, *supra*.

28. By not putting the oral do-no-harm contract in writing, *inter alia,* the Third Party Defendants committed negligent misrepresentation against Ma, causing Ma to rely on the do-no-harm agreement.

## COUNT FIVE

### Constructive Fraud

**(Against Both Third Party Defendants)**

29. Ma restates and incorporates by reference its allegations in paragraphs 1-28 of this Complaint, *supra*.

30. The Third Party Defendants committed constructive fraud against Ma by the breach of duty in the context of the confidential and fiduciary relationship.

## COUNT SIX

### Negligence

**(Against Both Third Party Defendants)**

31. Ma restates and incorporates by reference its allegations paragraphs 1-30 of this Complaint, *supra*.

32. As attorneys of Ma, the Third Party Defendants have certain duties owned to Ma, including, but not limited to, keeping records for Ma, resolving the

conflict of interest between their representation of Powertrain et al., and their representation of Ma, and discharging their duty of putting the do-no-harm agreement in writing.

33. The Third Party Defendants breached said duty by, including but limited to, turning Ma's documents to another party, e.g., Oneal Wood, and failure to put the do-no-harm agreement in writing, to this day.

## COUNT SEVEN

### Legal Malpractice

**(Against Both Third Party Defendants)**

34. Ma restates and incorporates by reference its allegations in paragraphs 1-33 of this Complaint, *supra*.

35. As attorneys of Ma, the Third Party Defendants have certain duties owed to Ma, including, but not limited to, keeping records for Ma, resolving the conflict of interest between their representation of Powertrain et al., and their representation of Ma, and discharging their duty of putting the do-no-harm agreement in writing.

36. The Third Party Defendants breached said duty by, including but limited to, turning Ma's documents to another party, e.g., Oneal Wood, and failure to put the do-no-harm agreement in writing, to this day.

# PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Third Party Plaintiff, JOYCE MA, respectfully prays a judgment be entered against the Third Party Defendants:

1. for damages caused by the Third Party Defendants;

2. for the discovery cost that Ma is forced to spend due to the failure of the Third Party Defendants' failure to keep documents;

3. for Ma's cost of discharging the instant lawsuit, and

4. for Ma's attorney fees to discharge the instant lawsuit.

Dated: October 8, 2013                                      Respectfully Submitted,

                                                            JOYCE MA
                                            DEFENDANT/THIRD PARTY PLAINTIFF

                                                    By /s/ Jeffery M. Navarro
                                                    JEFFERY M. NAVARRO
                                                    P.O. BOX 162
                                                    AMORY, MS 38821
                                                    662-256-3706
                                                    MBN: 3755
                                        Attorney for Defendant/Third Party Plaintiff,
                                                    Joyce Ma

# DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Joyce Ma respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: October 8, 2013                                   Respectfully Submitted,

                                                                    JOYCE MA
                                                DEFENDANT/THIRD PARTY PLAINTIFF

                                                        By  /s/ Jeffery M. Navarro
                                                            JEFFERY M. NAVARRO
                                                                    P.O. BOX 162
                                                               AMORY, MS 38821
                                                                    662-256-3706
                                                                      MBN: 3755
                                            Attorney for Defendant/Third Party Plaintiff
                                                                        Joyce Ma


## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of October 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.


                                                        ___/s/ Jeffery M. Navarro
                                                            Jeffery M. Navarro