IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

POWERTRAIN, INC., a Mississippi corporation                    PLAINTIFF

v.                                           CIVIL ACTION NO. 1:11-CV-00105-GHD-DAS

JOYCE MA, individually; and
BEST MACHINERY & ELECTRICAL, INC.                              DEFENDANTS

MEMORANDUM OPINION CONCERNING
SERVICE OF PROCESS ON DEFENDANT BEST MACHINERY & ELECTRICAL, INC.

Presently before the Court is a brief [116] filed by Plaintiff PowerTrain, Inc. concerning its service of process on Defendant Best Machinery & Electrical, Inc. Upon due consideration, the Court finds as follows.

*A. Factual and Procedural Background*

On May 3, 2011, Plaintiff PowerTrain, Inc. ("PowerTrain") initiated this contract dispute action against Defendants Joyce Ma, individually ("Ma"), and Best Machinery & Electrical, Inc. ("Best Machinery"). Best Machinery is a California corporation that has been dissolved since 2007. While in existence, Best Machinery was engaged in commercial activity consisting of importing small engines from China to the United States for resale. Ma is a California resident who allegedly "has conducted business individually and under the corporate name 'Best Machinery and Electrical, Inc.' with PowerTrain in the State of Mississippi." Pl.'s Am. Compl. [83] ¶ 5.

Plaintiff served the summons and initial complaint on Ma, but was unable to perfect service of process on Best Machinery despite repeated attempts to serve Best Machinery's listed agent for service of process. The Clerk of Court entered notices of default [12, 16, & 18] as to Best Machinery. On January 20, 2012, Plaintiff filed a motion for entry of default [19] as to Best

1

Machinery for failure to plead, answer, or otherwise defend itself in the case *sub judice*. On January 23, 2012, the Clerk issued an entry of default [20] as to Best Machinery.

Approximately one year later, PowerTrain filed an amended complaint [83] against Ma and Best Machinery, perfected service on Ma, and again struggled to effect service on Best Machinery. On March 8, 2013, PowerTrain filed a motion to set aside [89] the Clerk's entry of default against Best Machinery and for the Clerk to reissue the summons to Best Machinery on PowerTrain's amended complaint. That motion was subsequently granted by this Court's Order [90] dated March 11, 2013, and the summons was reissued. On April 15, 2013, the Clerk entered a notice of incomplete process [93] as to Best Machinery. PowerTrain sought, and was granted, two separate extensions of time to perfect service on Best Machinery, but was unable to do so.

PowerTrain then filed a motion [98] for the Court to allow service of process upon Best Machinery through the California Secretary of State, and attached in support an affidavit of reasonable diligence. On July 10, 2013, the Magistrate Judge entered an Order [99] directing that service upon Best Machinery could be perfected by hand-delivering the summons and complaint to the California Secretary of State. PowerTrain then attempted to reissue the summons and complaint to Best Machinery via the California Secretary of State. Meanwhile, the Clerk issued an notice of entry of default [105] for Best Machinery's failure to answer the amended complaint or otherwise defend in the case; PowerTrain filed a motion for entry of default [107]; the Clerk issued an entry of default [108]; PowerTrain filed a motion for default judgment [109] against Best Machinery; and this Court set a writ of inquiry hearing on October 21, 2013 at 1:30 p.m.

On September 30, 2013, the Court received a remark letter [113] from the California Secretary of State informing the Court that the California Secretary of State is not the agent for

service for Best Machinery as a dissolved corporation and that there is no statutory authority in the California Corporations Code or the Code of Civil Procedure to present the entry of default either directly to the Secretary of State or for forwarding to the corporation. Upon receipt of this remark letter, the Court questioned the validity of Plaintiff's service of process on Best Machinery and thus its *in personam* jurisdiction as to Best Machinery. Therefore, the Court continued the writ of inquiry hearing and granted PowerTrain time to demonstrate the validity of its service of process on Best Machinery.

On October 17, 2013, PowerTrain filed the present brief [116] wherein it maintains that it has perfected service of process on Best Machinery through the California Secretary of State's Office. Upon due consideration, the Court finds that PowerTrain has perfected service of process on Best Machinery and that the writ of inquiry hearing concerning PowerTrain's motion for default judgment against Best Machinery should be reset.

*B. Analysis and Discussion*

PowerTrain maintains that in accordance with the Magistrate Judge's July 10, 2013 Order [99] allowing service of process on Best Machinery through the California Secretary of State, PowerTrain served process on Best Machinery on August 9, 2013, by hand-delivering the Magistrate Judge's Order [99] and a copy of the summons and amended complaint to the California Deputy Secretary of State. *See* Proof of Service [116-3] at 1–6. PowerTrain further attaches a record of service of process indicating that on August 15, 2013 the California Secretary of State's Office sent copies of the Magistrate Judge's Order, summons, and amended complaint to Best Machinery. *See* Record of Service of Process [116-4] at 1–2. PowerTrain contends that under the California Corporations Code, service was complete ten days after delivery was made to the California Secretary of State's Office, which was August 19, 2013, and

notes that the California Secretary of State's office never informed PowerTrain prior to August 19, 2013 that service of process was improper or ineffective. Finally, PowerTrain maintains that the remark letter [113] from the California Secretary of State referred to the Clerk's entry of default when stating that the California Secretary of State was not the agent for service of process on Best Machinery. The Court finds as follows.

Rule 4 of the Federal Rules of Civil Procedure provides in pertinent part that a domestic corporation must either be served "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." FED. R. CIV. P. 4(h)(1). Rule 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 3(e)(1). Under the California Rules of Civil Procedure:

> A summons may be served on a corporation that . . . has dissolved
> [ ] by delivering a copy of the summons and of the complaint:
>
> (a) To a person who is a trustee of the corporation and of its stockholders or members; or
>
> (b) **When authorized by any provision in Sections 2011 or 2114 of the Corporations Code** (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code as in effect on December 31, 1976, with respect to corporations to which they remain applicable), **as provided by such provision.**

CAL. CODE OF CIV. P. § 416.20 (emphases added). Section 2011 of the California Corporations Code provides in pertinent part:

4

> Summons or other process against such a corporation may be served by delivering a copy thereof to an officer, director[,] or person having charge of its assets or, if no such person can be found, to any agent upon whom process might be served at the time of dissolution. **If none of such persons can be found with due diligence and it is so shown by affidavit to the satisfaction of the court, then the court may make an order that summons or other process be served upon the dissolved corporation by personally delivering a copy thereof, together with a copy of the order, to the Secretary of State or an assistant or deputy secretary of state. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.**

CAL. CORP. CODE § 2011(b) (emphasis added).

It is apparent from the record that Plaintiff repeatedly attempted to effect service of process on the listed agent for Best Machinery, but was unable to do so. The Magistrate Judge found that Plaintiff had demonstrated due diligence to effect service of process on Best Machinery and therefore entered the Order allowing the summons and amended complaint to be served upon Best Machinery through the California Secretary of State. Once service was made to the California Secretary of State, the California Secretary of State forwarded copies of the Magistrate Judge's Order, the summons, and the amended complaint to Best Machinery's principal executive office in accordance with California Corporations Code § 1702(b). As PowerTrain maintains in its brief, service was deemed complete under Federal Rule of Civil Procedure 4(e)(1), California Code of Civil Procedure § 416.20, and California Corporations Code § 2011(b) on August 19, 2013, the tenth day after delivery of the process to the California Secretary of State. No documentation before the Court suggests to the contrary. Thus, PowerTrain has demonstrated to the satisfaction of the Court that service of process has been perfected on Best Machinery.

## C. Conclusion

For all the foregoing reasons, the Court finds that Plaintiff PowerTrain, Inc. has perfected service of process on Defendant Best Machinery & Electrical, Inc. The writ of inquiry hearing concerning Plaintiff PowerTrain Inc.'s motion for default judgment [109] against Defendant Best Machinery & Electrical, Inc. will be reset by further order of the Court.

A separate order in accordance with this opinion shall issue this day.

THIS, the 24th day of October, 2013.

_____
SENIOR JUDGE