UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

POWERTRAIN, INC.                                            PLAINTIFF/COUNTER-DEFENDANT

V.                                                        CIVIL ACTION NO.1:11CV105-GHD-DAS

JOYCE MA                                             DEFENDANT/COUNTER-PLAINTIFF

V.

WILLIAM H. SHAWN, et al.                          THIRD-PARTY DEFENDANTS

ORDER

      The court entered an order on March 5, 2014, granting the motion of the defendant, Joyce Ma, for leave to file an amended answer to Powertrain's complaint. This order was entered prior to the deadline for responses. Thereafter, the court was apprised that the third-party defendants wished to oppose the motion. Having considered the response and reply, the court finds that the order granting leave to amend should be vacated. The court, *sua sponte,* strikes the amended answer.

      The third-party defendants, attorney William Shawn and his law firm (Shawn), are being sued for legal malpractice on an allegation that Shawn failed to document a "do no harm" agreement between Powertrain and Ma, arising in the earlier Honda litigation. Shawn moved to dismiss Ma's complaint for failure to state a claim against them[57]. In lieu of granting the motion to dismiss, the court granted Ma leave to amend her complaint, warning Ma of the consequences of a failure to cure the defects in the pleadings. Shawn has again moved to dismiss Ma's complaint[144], arguing among other things, the inconsistency between Ma's allegation of a "do no harm" contract and her assertion in paragraphs 59 and 60 of her answer to the Powertrain complaint alleged that she had never formed any contract with Powertrain. It is

these two paragraphs that Ma has sought to amend to state that there was no contract for the sale of engines with Powertrain. Ma in her response to the motion to dismiss also requested leave to amend her answer to Powertrain's amended complaint. The motion for leave to amend is intertwined with the motion to dismiss and should be considered in conjunction with that motion. The court therefore finds that it improvidently granted the motion.

IT IS ORDERED that the order allowing Ma's motion to amend is vacated. The court strikes the amended answer. The motion to amend is denied without prejudice to the relief requested in Ma's response to the motion to dismiss.

SO ORDERED this the 14th day of March, 2014.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE