IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

POWERTRAIN, INC., a Mississippi corporation                                    PLAINTIFF

v.                                                         CIVIL ACTION NO. 1:11-cv-00105-GHD-DAS

JOYCE MA                                                                        DEFENDANT

### MEMORANDUM OPINION GRANTING THIRD-PARTY DEFENDANTS' MOTION TO DISMISS THIRD-PARTY COMPLAINT, DENYING MOTION FOR SANCTIONS, AND DENYING MOTION FOR SUMMARY JUDGMENT AS MOOT

Presently before the Court are a motion to dismiss [144], motion for sanctions [184], and motion for summary judgment [208] filed by Third-Party Defendants William H. Shawn and ShawnCoulson, LLP. Upon due consideration, the Court finds that the motion to dismiss [144] should be granted, the motion for sanctions [184] should be denied, and the motion for summary judgment [208] should be denied as moot.

#### A. Factual and Procedural Background

Plaintiff PowerTrain, Inc. ("PowerTrain") brings this diversity action against Defendant Joyce Ma ("Ma"),[1] a California citizen.[2] The parties apparently agree that Mississippi law governs the action. PowerTrain alleges that Ma, both individually and as the alter ego of Best Machinery & Electrical, Inc., imported to the United States from China small engines that violated EPA's emission and labeling standards and were not covered by certificates of conformity; PowerTrain purchased 78,284 of the engines (the "subject engines") from Ma;

---

[1] PowerTrain also initially sued Defendant Best Machinery & Electrical, Inc. On November 20, 2013, the Court granted PowerTrain's motion for default judgment against Defendant Best Machinery & Electrical, Inc. *See* Ct.'s Default J. [124]; *see also* Ct.'s Order [117] & Mem. Op. [118] Re: Service of Process on Defendant Best Machinery & Electrical, Inc.

[2] Diversity jurisdiction is established in this action, as complete diversity of citizenship exists between PowerTrain, a Mississippi resident, and Ma, a California resident, and the jurisdictional amount in controversy is satisfied by PowerTrain's prayer for damages exceeding $2,000,000.

PowerTrain sold and/or distributed the subject engines to Wood Sales, Inc. for further resale in the United States by Wood Sales, Inc. and/or Tool Mart, Inc.; and the EPA determined that the subject engines violated the Clean Air Act and regulations promulgated thereunder. PowerTrain alleges that as a direct and proximate result of Ma's sale of the subject engines to PowerTrain, the United States filed civil actions against PowerTrain for injunctive relief and the assessment of civil penalties for these violations and a consent decree/judgment was entered against PowerTrain for civil penalties in the amount of $2 million plus interest and ordering PowerTrain to export or permanently destroy the certain engines that were in violation of federal law and implement an emission off-set project. PowerTrain asserts causes of action against Ma for negligence/wantonness, breach of contract, breach of warranty, and piercing-the-corporate-veil/alter ego liability.

In the midst of the proceedings in the instant case, on May 24, 2012, Defendant Ma filed a motion for leave [39] to file a third-party complaint against William H. Shawn and ShawnCoulson, LLP. Defendant Ma asserted in her motion for leave that the instant case "was spawned from" previous litigation styled *Powertrain, Inc., et al., v. American Honda Motor Co., et al.*, No. 1:03-cv-668, 2007 WL 2254346 (N.D. Miss. Aug. 2, 2007) (the "*Honda* case"), a case concerning whether PowerTrain and others had illegally copied American Honda Motor Co.'s trade dress. She further asserted that William H. Shawn and ShawnCoulson, LLP had represented both Defendant Ma and PowerTrain in the *Honda* case, and that "as a proximate result" of this alleged representation, "[PowerTrain was] able to bring this case against [Defendant Ma]" in breach of an agreement between PowerTrain and Defendant Ma that PowerTrain would do no harm to her. Def.'s Mot. Leave [39] at 1–2. While denying any liability in the instant case, Defendant Ma stated that "if it be shown that she is in fact liable to

2

[PowerTrain] on account of the matters and things alleged in the original [c]omplaint, then . . . the Defendant [Ma] should be entitled to recover from [William H. Shawn and ShawnCoulson, LLP] the full amount of any" such judgment. *Id.* at 2. The United States Magistrate Judge assigned to this cause granted the Third-Party Plaintiff's request for leave to file her third-party complaint against the Third-Party Defendants.

On July 3, 2012, the Third-Party Plaintiff/Defendant Ma (the "Third-Party Plaintiff") filed her complaint [42] against the Third-Party Defendants William H. Shawn and ShawnCoulson, LLP (the "Third-Party Defendants"), invoking the Court's diversity jurisdiction.[3] The third-party complaint asserted the following eight causes of action: breach of contract, conflict of interests, breach of fiduciary duty, fraud, negligent misrepresentation, constructive fraud, negligence, and legal malpractice. The Third-Party Defendants subsequently filed a motion to dismiss [57] all third-party claims. In an Order [111] dated September 24, 2013, the Court denied the motion to dismiss [57] and allowed the Third-Party Plaintiff to amend her complaint.

On October 8, 2013, the Third-Party Plaintiff filed her amended complaint [114]. The amended third-party complaint asserts the following seven causes of action: breach of the duty of loyalty, conflict of interests, breach of fiduciary duty, negligent misrepresentation, constructive fraud, negligence, and legal malpractice.[4] Thereafter, the Third-Party Defendants filed a motion to dismiss [144] those claims, a motion for sanctions [184] against the Third-Party Plaintiff and

---

[3] It is undisputed that the Third-Party Plaintiff and Third-Party Defendants are completely diverse and that the jurisdictional amount-in-controversy is satisfied. Apparently, it is also undisputed that Mississippi law governs.

[4] The amended third-party complaint thus adds a cause of action for breach of the duty of loyalty and does away with the breach of contract and fraud claims asserted in the original third-party complaint.

her attorney, and a motion for summary judgment [208], all of which are fully briefed and ripe for review. The Court addresses first the motion to dismiss and then the motion for sanctions.[5]

## *B. Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss*

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint when the plaintiff has failed to state a claim upon which relief can be granted, but such motions "are viewed with disfavor and are rarely granted." *Kocurek v. Cuna Mut. Ins. Soc'y*, 459 F. App'x 371, 373 (5th Cir. 2012) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). In ruling on a motion to dismiss brought under Rule 12(b)(6), the Court "must take all of the factual allegations in the complaint as true," but "[is] not bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, — U.S. —, 134 S. Ct. 2056, 2065 n.5 (May 27, 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 552 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010)).

Although the plaintiff's allegations "need not pin the plaintiff's claim for relief to a precise legal theory" or present "an exposition of his legal argument," *see Skinner v. Switzer*, — U.S. —, 131 S. Ct. 1289, 1296, 179 L. Ed. 2d 233 (Mar. 7, 2011), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (internal quotation marks and citation omitted). "A claim is facially plausible if the plaintiff pleads facts that allow a court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Boyd v. Farrin*, — F. App'x

---

[5] Because the motion to dismiss all third-party claims must be granted, the motion for summary judgment must be denied as moot.

—, 2014 WL 3586661, at *2 (5th Cir. July 22, 2014) (per curiam) (quoting *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Webb*, 522 F. App'x at 241 (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

In filing the present motion to dismiss, the Third-Party Defendants attach several documents filed in the *Honda* case and ask the Court to take judicial notice of these documents under Rule 201(b) of the Federal Rules of Evidence. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). However, "a district court may take into account documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409–10 (5th Cir. 2013) (per curiam) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007); 5B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2014)). *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts . . . which were matters of public record directly relevant to the issue at hand."). Because all of the attached documents are matters of public record, the Court takes judicial notice of the documents. With all of the foregoing in mind, the Court turns to the Third-Party Plaintiff's claims.

### a. Third-Party Plaintiff's Allegations

The Court accepts the following factual allegations from the Third-Party Plaintiff's amended complaint as true for purposes of ruling on the present motion to dismiss. *See Warren v. Chesapeake Exploration, L.L.C.*, — F.3d —, 2014 WL 3511880, at *1 (5th Cir. July 16, 2014). On or about December 19, 2003, PowerTrain and others filed a complaint against American Honda Motor Co. in the *Honda* case. Shortly thereafter, Oneal Wood, the owner of PowerTrain, informed this Third-Party Plaintiff that PowerTrain needed her help in the *Honda* case and offered to represent her. The Third-Party Plaintiff informed Oneal Wood that she was afraid of being personally involved in the *Honda* case. Oneal Wood "offered to [her] that Power[T]rain would do no harm to [her] and represent [her] if [American Honda Motor Co.] were to sue [her] and if Best [Machinery & Electrical Co.] would refuse to pay [her] attorney[']s fees." Third-Party Pl.'s Am. Compl. [114] ¶ 7. The Third-Party Plaintiff accepted the offer. Third-Party Defendant William H. Shawn, Esquire ("Third-Party Defendant Shawn"), lead counsel for PowerTrain and others in the *Honda* case, then "prepared [the Third-Party Plaintiff] for and represented [her] in [her] deposition by [American Honda Motor Co.]." *Id.* ¶ 9. Subsequently,

> [w]hile representing [the Third-Party Plaintiff] and Power[T]rain, [Third-Party Defendant] Shawn reassured [the Third-Party Plaintiff] that Power[T]rain would do no harm to [her]. However, [Third-Party Defendant] Shawn failed to execute an implied promise, including, but not limited to, putting the terms in writing. [Third-Party Defendant] Shawn acted as the attorney and agent for Power[T]rain when making this representation to [the Third-Party Plaintiff].

*Id.* ¶¶ 9–10. Any efforts to form a contract between PowerTrain and the Third-Party Plaintiff were done so by Third-Party Defendant Shawn as the attorney and agent of PowerTrain. Jeffrey Wood, son of Oneal Wood and employee of PowerTrain, further promised the Third-Party

6

Plaintiff that if American Honda Motor Co. were to involve her personally in the *Honda* case PowerTrain would file papers with the court to dismiss the Third-Party Plaintiff. The Third-Party Plaintiff cooperated fully with PowerTrain and performed her part of the bargain in the *Honda* case. Subsequently, the Third-Party Plaintiff contacted Third-Party Defendant Shawn and requested information concerning the *Honda* case. Third-Party Defendant Shawn stated that he had turned over all the documents to Oneal Wood after winning the lawsuit against Oneal Wood for attorney's fees and that he had no documents on the *Honda* case in his possession. Third-Party Defendant Shawn further denied ever representing the Third-Party Plaintiff. Subsequently, on May 3, 2011, PowerTrain, through its local counsel Duncan L. Lott, Esquire, filed the instant complaint against the Third-Party Plaintiff, thereby breaching the contract entered into by the Third-Party Defendants with the Third-Party Plaintiff.

The Third-Party Plaintiff asserts that the above factual allegations make out claims for breach of the duty of loyalty, conflict of interests, breach of fiduciary duty, negligent misrepresentation, constructive fraud, negligence, and legal malpractice. These asserted claims have many overlapping legal elements and factual allegations and center on the Third-Party Defendants' alleged representation of the Third-Party Plaintiff in the *Honda* case. First, her claims for breach of the duty of loyalty, breach of fiduciary duty, and constructive fraud are actually one and the same under Mississippi law, and exist underneath the larger umbrella of legal malpractice. *See Estate of St. Martin*, --- So. 3d ---, 2014 WL 2132731, at *3 (5th Cir. May 22, 2014) (citing *Wilbourn v. Stennett, Wilkinson & Ward*, 687 So. 2d 1205, 1215 (Miss. 1996); *Tyson v. Moore*, 613 So. 2d 817, 823 (Miss. 1992)). Thus, in asserting these causes of action, the Third-Party Plaintiff actually pleads a claim for legal malpractice based on the Third-Party

Defendants' alleged breach of the duty of loyalty. The only other claim the Third-Party Plaintiff pleads is one for negligent misrepresentation.

Although the Third-Party Plaintiff also asserts a cause of action for negligence, those allegations are identical to the allegations supporting a legal malpractice claim based on breach of the duty of loyalty. *See* Third-Party Pl.'s Am. Compl. [114] ¶¶ 31–33. Further, her negligence allegations fail to support an additional legal malpractice claim based on a negligence theory, as the Third-Party Plaintiff's allegations fail to show that "but for [the Third-Party Defendants'] negligence, [the Third-Party Plaintiff] would have been successful in the prosecution or defense of the underlying action [the *Honda* suit]," as would be required to sustain such a claim. *See Crist v. Loyacono*, 65 So. 3d 837, 842 (Miss. 2011); *see also id.* at 843 (in negligence-based legal malpractice claim, "attorneys are only held professionally liable where their failures to adhere to the standard of care actually impacted the plaintiff's interests in the case"). To the extent the Third-Party Plaintiff is attempting to frame a legal malpractice claim on a duty of care theory by her allegations that but for the alleged acts she would not have been sued in this action, the Court finds that she has failed to state such a claim. Accordingly, the Court finds that the amended complaint presents neither a stand-alone negligence claim nor a legal malpractice claim based on a negligence theory.

### b. Analysis and Discussion

The Third-Party Defendants present two arguments in support of dismissal. First, the Third-Party Defendants argue that the third-party claims are time-barred under Mississippi's three-year statute of limitations, Mississippi Code § 15-1-49. Second, the Third-Party Defendants argue that the amended third-party complaint fails to state a claim upon which relief may be granted. The Court will address each argument in turn.

## i. Statute of Limitations

First, the Third-Party Defendants argue that the Third-Party Plaintiff's claims are time-barred under Mississippi Code § 15-1-49(1), which provides that "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." The Third-Party Defendants maintain that the claims may have accrued sometime in 2005—either on May 5, 2005, when the claims were allegedly clear and obvious, or on September 20, 2005, when the Third-Party Plaintiff retained independent counsel in the *Honda* case. The Third-Party Defendants attach to their motion to dismiss an application for admission *pro hac vice* dated September 20, 2005, filed by the Third-Party Plaintiff and Best Machinery and Electrical, Inc. in the *Honda* case, indicating that they had retained Raymond Buendia, Esquire to represent them. *See* Appl. [144-1] at 2. The Third-Party Defendants further maintain that the earliest assertion of the third-party claims was on May 7, 2012, when the third-party complaint was filed; thus, the Third-Party Defendants maintain that the third-party claims were brought either six-and-one-half or seven years after the claims accrued and that the Third-Party Plaintiff knew or should have known of her claims when she retained her own counsel in September of 2005. Thus, the Third-Party Defendants argue that the third-party claims are time-barred under Mississippi law.

The Third-Party Plaintiff argues that her claims are not time-barred, because she did not discover her injury until the instant suit was filed. The Third-Party Plaintiff maintains that she first discovered the alleged malpractice in May of 2011, when PowerTrain filed the instant case in violation of the alleged oral do-no-harm agreement between PowerTrain and herself. Therefore, the Third-Party Plaintiff argues that the statute of limitations began to run no earlier than the date this case was filed, May 3, 2011. She further points to her lack of legal expertise to

recognize the significance of the Third-Party Defendants' alleged failure to put the alleged do-no-harm agreement between PowerTrain and the Third-Party Plaintiff in writing; the potential conflict between PowerTrain and her; and the conflict of interests of the relationship between the Third-Party Defendants and PowerTrain and the relationship between the Third-Party Defendants and the Third-Party Plaintiff. She maintains that when she alleged the conflict of interest was clear and obvious in her amended third-party complaint, she meant that the conflict was clear and obvious to the Third-Party Defendants, as lawyers—not to her, as a nonlawyer. She states that "[h]ad the do-no-harm promise been properly handled by her lawyers, the Third[-]Party Defendant[s], by memorializing the promise in writing, [the Third-Party Plaintiff] would not be in this lawsuit." Third-Party Pl.'s Mem. Br. Supp. Resp. Opp'n to Third-Party Defs.' Mot. Dismiss [148] at 6. She further states that the *Honda* case—the case which she referred to in her motion for leave to file the initial third-party complaint as having "spawned" this case, *see* Def.'s Mot. Leave File Third-Party Compl. [39] at 1–2—is "only marginally relevant to the instant case." *See* Third-Party Pl.'s Mem. Br. Supp. Resp. Opp'n to Third-Party Defs.' Mot. Dismiss [148] at 7. She maintains that the application *pro hac vice* of her retained counsel in the *Honda* case is irrelevant to this matter, because her retained counsel was not involved in the do-no-harm agreement. Finally, she states that "it is entirely possible that [the Third-Party Plaintiff] was only nominally engaged in the *Honda* case, e.g., the decisions of filing any papers and engaging any attorneys were made by others." *Id.* at 8.[6]

---

[6] Apparently, the Third-Party Plaintiff requests leave to amend both her amended third-party complaint and answer to PowerTrain's first amended complaint to include allegations that she never formed any contract with PowerTrain to sell the engines and thus that PowerTrain's claims are time-barred. These requests are not well taken, as this Court has already given the Third-Party Plaintiff ample opportunity to amend her third-party complaint; the proposed amendment would be futile, as the same would have no bearing on her third-party claims; and a request to amend an answer in the instant case is not properly before the Court in a brief concerning the viability of the third-party complaint. Therefore, the requests are denied.

Although the applicable statute of limitations is three years from the date the cause of action accrued, "[i]n actions . . . which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." MISS. CODE ANN. § 15–1–49(2). "A latent injury is one where the plaintiff [is] precluded from discovering harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question." *Aldridge v. Aldridge*, --- So. 3d ---, 2014 WL 1013467, at *5 (Miss. Ct. App. Mar. 18, 2014) (quoting *Ill. Cent. R.R. v. Guy*, 682 F.3d 381, 393 (5th Cir. 2012) (citation and internal quotation marks omitted)). The Third-Party Plaintiff alleges in her amended third-party complaint that she was not aware of the primary breach—the failure to memorialize the do-no-harm agreement—until PowerTrain filed the instant suit against her in May of 2011. She thus maintains that she filed her third-party complaint a little more than one year after the instant suit was filed, and thus that her third-party claims are not time-barred under Mississippi law. Ma alleges that the discovery rule applies and her third-party claims are not time-barred. Even assuming this is true, as shown below, she has failed to state either a claim for legal malpractice or negligent misrepresentation.

## ii. Legal Malpractice

First, the Third-Party Plaintiff alleges that the Third-Party Defendants committed legal malpractice. The threshold inquiry in a legal malpractice claim is whether "a lawyer-client relationship has come into being." *Singleton v. Stegall*, 580 So. 2d 1242, 1244 (Miss. 1991) (internal citations omitted). "The client's payment of a lawyer's fee cinches the point, although we have never held it a *sine qua non* the relationship has arisen." *Id.* (internal citation omitted). An attorney-client relationship exists when:

> (1) A person manifests to a lawyer the person's intent that the lawyer provide legal services for the person; and

11

> (2)(a) The lawyer manifests to the person consent to do so, or (b) fails to manifest lack of consent to do so, knowing that the person reasonably relies on the lawyer to provide the services, or (c) a tribunal with power to do so appoints the lawyer to provide the services.

*Id.* at 1244 n.2 (citation omitted). "[T]he existence of a professional, attorney-client relationship is fact-specific." *Baker Donelson v. Sea*, 42 So. 3d 474, 485 n.28 (Miss. 2010).

Nothing before this Court on the Rule 12(b)(6) motion supports the Third-Party Plaintiff's conclusory allegation that the Third-Party Defendants represented her in the *Honda* case. The Third-Party Plaintiff alleges that Oneal Wood, the owner of PowerTrain, informed the Third-Party Plaintiff that PowerTrain needed her help in the *Honda* case and offered to represent her in that case; she resisted until Wood assured her that PowerTrain would do no harm to her and would represent her <u>if American Honda Motor Co. sued her *and* Best Machinery & Electrical, Inc. refused to pay her attorney's fees</u>; and she "accepted the offer." *See* Third-Party Pl.'s Am. Compl. [114] ¶¶ 6–8. These allegations, taken as true, support that Wood agreed to pay the Third-Party Plaintiff's attorney's fees to represent her in the *Honda* case only if two conditions were met: (1) if American Honda Motor Co. sued her, and (2) if Best Machinery & Electrical, Inc. did not pay her attorney's fees. Although the documents attached to the motion to dismiss support that American Honda Motor Co. did sue her in the *Honda* case, nothing before the Court at this Rule 12(b)(6) stage supports that Best Machinery & Electrical, Inc. in fact refused to pay the Third-Party Plaintiff's attorney's fees. Even the amended third-party complaint is bereft of any such allegations.

The Third-Party Plaintiff attempts to piece together that a representation did in fact exist by alleging that the Third-Party Defendants prepared her for her May 2, 2005 deposition taken by American Honda Motor Co. in the *Honda* case and "represented" her in that deposition, *id.* ¶

9; and that the Third-Party Defendants reassured her that PowerTrain would do no harm to her but did not memorialize this do-no-harm agreement, *id.* ¶ 10. These allegations do not establish that the Third-Party Defendants represented the Third-Party Plaintiff in the *Honda* case. The Third-Party Plaintiff's subsequent statement in her response to the motion that she was only "nominally engaged in the *Honda* case, e.g., the decisions of filing any papers and engaging any attorneys were made by others" belies her earlier conclusory allegations of representation. Overall, the amended third-party complaint, third-party amended complaint, motion papers, and attached documents filed in the *Honda* case fail to reveal the existence of a lawyer-client relationship between the Third-Party Defendants and the Third-Party Plaintiff. In fact, the documents filed in the *Honda* case reveal that the Third-Party Plaintiff hired several attorneys to represent her—none of which was Third-Party Defendant Shawn or any attorney at Third-Party Defendant ShawnCoulson, LLP.

Because a lawyer-client relationship is an essential element in any legal malpractice claim, and because the Third-Party Plaintiff fails to plead sufficient facts to establish such a relationship, her legal malpractice claim fails at the threshold. However, even assuming *arguendo* that the Third-Party Plaintiff's amended complaint sufficiently alleges that a lawyer-client relationship existed between the Third-Party Defendants and herself, her legal malpractice claim fails on other grounds.

Generally, a lawyer owes to his or her clients duties falling into three broad categories: (1) "a duty of care consistent with the level of expertise he holds himself out as possessing" which "imports not only skill or expertise, but diligence as well"; (2) "a duty of loyalty and fidelity, which includes duties of confidentiality, candor[,] and disclosure"; and (3) "any duties created by his contract with his client." *Estate of St. Martin*, 2014 WL 2132731, at *2 (quoting

*Baker Donelson*, 920 So. 2d at 449) (internal quotation marks omitted)). Here, the Third-Party Plaintiff asserts a legal malpractice claim based on an alleged breach of the duty of loyalty. A lawyer's duty of loyalty includes a duty to "safeguard the client's confidences and property, avoid conflicting interests that might impair the representation, and not employ adversely to the client powers conferred by the client-lawyer relationship." *Waggoner v. Williamson*, 8 So. 3d 147, 154–55 (Miss. 2009) (quoting *Tyson*, 613 So. 2d at 827) (in turn quoting *Singleton*, 580 So. 2d at 1245) (internal quotation marks omitted)). Also included within the lawyer's duty of loyalty is the "duty to inform his client of all matters of reasonable importance related to the representation or arising therefrom." *Id.* at 154 (quoting *Tyson*, 613 So. 2d at 827 (citation omitted)). A breach of the duty of loyalty may involve a situation "in which the attorney obtains an unfair personal advantage, such as acquiring property from a client," or a situation "in which the attorney or other clients have interests adverse to the client in question." *Singleton*, 580 So. 2d at 1244–1245 (citations omitted).

To sustain a legal-malpractice claim based on an alleged breach of the duty of loyalty, the plaintiff must establish "the acts constituting a violation of the attorney's fiduciary duty," "that the breach proximately caused the injury," and "the fact and extent of the injury." *Estate of St. Martin*, 2014 WL 2132731, at *3 (quoting *Crist*, 65 So. 3d at 842–43) (internal quotation marks omitted)). The complaint must "state with particularity the facts which purportedly created the duty that was breached, so that the court [can] determine as a matter of law whether there was such a duty." *Wilbourn*, 687 So. 2d at 1216. The plaintiff need not prove "that, but for the breach, the plaintiff would have won the underlying case. Rather, the proof of proximate cause in such cases is to be tailored to the injury the client claims and the remedy he elects." *Estate of*

14

*St. Martin*, 2014 WL 2132731, at *3 (quoting *Crist*, 65 So. 3d at 842) (internal quotation marks omitted)).

In this case, the Third-Party Plaintiff maintains that the Third-Party Defendants breached their duty of loyalty to her by not memorializing the alleged do-no-harm oral agreement between PowerTrain and herself; by assuring her that if she cooperated with PowerTrain in the *Honda* case that no harm could come to her; by failing to keep records for her; and by failing to resolve the conflict of interest between their representation of PowerTrain et al. and their alleged representation of her, even though said conflicts were "clear and obvious." *See* Third-Party Pl.'s Am. Compl. [114] ¶¶ 17–20, 22, 24–26, 29–30, 32, 35. Although she alleges these four instances of breach, the amended complaint attempts to tie only one of these alleged instances of breach to her alleged injury: she alleges that the Third-Party Defendants' failure to memorialize the oral do-no-harm agreement between her and PowerTrain "caus[ed], at least partially, the breach of the contract [that occurred] when Power[T]rain filed the instant suit against [her]" on May 3, 2011.[7] *Id.* ¶ 18. She later argues in response to the motion to dismiss that "[h]ad the do-no-harm promise been properly handled by her lawyers, the Third[-]Party Defendant[s], by memorializing the promise in writing, [the Third-Party Plaintiff] would not be in this lawsuit." Third-Party Pl.'s Mem. Br. Supp. Resp. Opp'n to Third-Party Defs.' Mot. Dismiss [148] at 6. Clearly, she alleges that harm befell her when circumstances led to PowerTrain's filing of the instant action against her, despite an oral agreement to the contrary. The remedy she seeks is compensatory damages for costs she has incurred and will incur in the instant suit as a result of the alleged breach of the alleged do-no-harm agreement.

---

[7] The Third-Party Plaintiff incorrectly states that PowerTrain filed the instant complaint against her on May 5, 2011. The complaint was filed on May 3, 2011, as indicated on the docket report of the case *sub judice*.

"The proximate cause of an injury is that cause which in natural and continuous sequence unbroken by any efficient intervening cause produces the injury, and without which the result would not have occurred." *Grisham v. John Q. Long V.F.W. Post, No. 4057, Inc.*, 519 So. 2d 413, 417 (Miss. 1988). To sustain a legal malpractice claim based on breach of duty of loyalty, the Third-Party Plaintiff must show "the fiduciary breach was a proximate cause of the injury." *See Wilbourn*, 687 So. 2d at 1217. The Third-Party Defendants correctly argue that the Third-Party Plaintiff's allegations are vague and fail to establish a causal connection between the Third-Party Defendants' alleged failure to memorialize the alleged do-no-harm oral agreement between PowerTrain and the Third-Party Plaintiff and the eventual filing of the instant suit. The Third-Party Plaintiff alleges that Oneal Wood, the owner of PowerTrain, promised the Third-Party Plaintiff that if she would cooperate with PowerTrain in the *Honda* case "Power[T]rain would do no harm to [her] and represent [her] if [American Honda Motor Co.] were to sue [her] and if Best [Machinery and Electrical, Inc.] would refuse to pay [her] attorney[']s fees." Third-Party Pl.'s Am. Compl. [114] ¶ 7. The Third-Party Plaintiff further alleges that Jeffrey Wood, Oneal Wood's son and a PowerTrain employee, "promised [her] that if [American Honda Motor Co.] were to involve [her] personally in the case, Power[T]rain would file papers with the Court to dismiss [her]." *Id.* ¶ 11. However, as the Third-Party Defendants correctly argue, these allegations do not tie the alleged failure to memorialize the alleged do-no-harm agreement to the later filing of the instant lawsuit.

Further, the Third-Party Plaintiff appears to allege that the do-no-harm agreement concerned PowerTrain's relationship with the Third-Party Plaintiff during the *Honda* case only. The Third-Party Plaintiff claims in her response to the motion to dismiss that "[t]he essence of the []do-no-harm contract between [herself] and [PowerTrain] was that PowerTrain was

16

obligated not to file the instant lawsuit against [her]." *See* Third-Party Pl.'s Mem. Br. Supp. Resp. Opp'n to Third-Party Defs.' Mot. Dismiss [148] at 4. However, this statement adds an allegation that was never expressed in either the initial third-party complaint or amended third-party complaint and would alter her claim. The Third-Party Plaintiff is not entitled to add new claims to her amended complaint by way of her response. At best, the actual allegations are speculative that if a do-no-harm agreement had been executed, the instant suit would not have resulted. Speculation does not suffice to prevent a motion to dismiss.

Because the Third-Party Plaintiff fails to adequately allege that a lawyer-client relationship existed between the Third-Party Defendants and herself and further fails to allege that the alleged breach proximately caused her injury, she fails to state a claim for legal malpractice. Therefore, the Third-Party Defendants' motion to dismiss must be granted on this ground.

### iii. Negligent Misrepresentation

The Third-Party Plaintiff also attempts to assert a claim for negligent misrepresentation. The Third-Party Defendants argue that she fails to allege any representation or a statement of when or where any such statements were made. The Court finds this argument to be well taken. To sustain a negligent misrepresentation claim, a plaintiff must establish the following:

> (1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the person charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons; (4) that they reasonably relied upon the [attorneys'] misrepresentation or omission; [and] (5) that they suffered damages as a direct and proximate result of such reasonable reliance.

*Waggoner*, 8 So. 3d at 155 (quoting *Spragins v. Sunburst Bank*, 605 So. 2d 777, 780 (Miss. 1992) (internal quotation marks omitted)). The Third-Party Plaintiff alleges that the Third-Party

Defendants' alleged actions constituted negligent misrepresentation against her. Third-Party Pl.'s Am. Compl. [114] ¶¶ 27–28. Specifically, she points to the alleged failure of the Third-Party Defendants to put the alleged do-no-harm agreement in writing—which is not a misrepresentation or omission of a fact. Even if the Court generously finds that she has alleged a misrepresentation by stating that the Third-Party Defendants told her PowerTrain would do no harm to her but later filed the instant lawsuit, she has not established that the purported misrepresentation was material or significant, that the Third-Party Defendants failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons, that she reasonably relied upon the misrepresentation or omission, and that she suffered damages as a direct and proximate result of such reasonable reliance. Accordingly, the Third-Party Plaintiff has failed to state a claim for negligent misrepresentation, and the motion to dismiss must be granted on this ground, as well.

For all of the foregoing reasons, the motion to dismiss shall be granted in its entirety. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). In its earlier Order [111] denying the Third-Party Defendants' motion to dismiss the initial third-party complaint and allowing the Third-Party Plaintiff to amend her complaint, the Court cautioned the Third-Party Plaintiff that in order to survive a subsequent Rule 12(b)(6) motion to dismiss the Third-Party Plaintiff's amended complaint would have to allege enough facts to state a claim to relief that was plausible on its face. Because the Third-Party Plaintiff's amended complaint fails to do so, the third-party claims must be dismissed.

18

## *C. Federal Rule of Civil Procedure 11 Motion for Sanctions*

Finally, the Court addresses the Third-Party Defendants' motion for sanctions [184] against the Third-Party Plaintiff and her counsel. The Third-Party Defendants maintain that sanctions of attorney's fees are appropriate against the Third-Party Plaintiff because of "the time-barred baselessness of [the Third-Party Plaintiff's] original and amended third[-]party complaints" and her "misleading attempt to plead around defects in [her] claim[s]." Third-Party Defs.' Mem. Br. Supp. Mot. Sanctions [186] at 1, 7.

The Fifth Circuit has explained:

> Rule 11 [of the Federal Rules of Civil Procedure] provides that when a lawyer submits a pleading to the court, the lawyer certifies that any representations made to the court are not being presented for any improper purpose, that the legal contentions are warranted by existing law or a non-frivolous argument for the extension, modification, or reversal of the law, and that any allegations made therein have evidentiary support. The district court may impose appropriate sanctions, including attorneys' fees and costs, on an attorney who files a pleading in violation of Rule 11.

*Bergquist v. FyBX Corp.*, 108 F. App'x 903, 904 (5th Cir. 2004) (per curiam) (citing FED. R. CIV. P. 11)). "Rule 11 sanctions can only be granted in situations when attorneys sign a pleading or filing that directly violates the rule itself[.]" *Webb*, 457 F. App'x 448, 454 n.5 (5th Cir. 2012) (per curiam). The Court "must always make a determination of the merits of the rule violation." *See id.* This determination must be based on the Third-Party Plaintiff's pleadings at the time they were filed. *See Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 570 (5th Cir. 2006). The third-party amended complaint fails to state a claim upon which relief may be granted. However, upon careful review of the motion for sanctions and response in opposition to the same, all accompanying briefs, attached documentation, and authorities, the Court is of the opinion that neither the third-party complaint nor the third-party amended complaint constituted

a failure to attempt a reasonable inquiry into the law or an intent to harass. *See Bergquist*, 108 F. App'x at 905. Therefore, the Third-Party Defendants' motion for sanctions [184] must be denied.

### D. Conclusion

In sum, the Third-Party Defendants' motion to dismiss [144] is GRANTED; the Third-Party Defendants' motion for sanctions [184] is DENIED; and the Third-Party Defendants' motion for summary judgment [208] is DENIED AS MOOT. All third-party claims are DISMISSED, and the Third-Party Defendants William H. Shawn and ShawnCoulson, LLP are DISMISSED AS PARTIES to this action.

An order in accordance with this opinion shall issue this day.

THIS, the _____ of August, 2014.

SENIOR JUDGE